UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAPKONG LEUNG and L&S TECHNOLOGY LLC, <br> Plaintiffs, <br><br> vs. <br><br> PATRICIA HAINES and CHIMNEY ROCK INFORMATION SOLUTIONS, INC., <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 1:05-cv-1826-SEB-JMS |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNT III (FRAUD)**

Now before the Court is the Motion to Dismiss Count III [Docket No. 43] filed by Defendants, Patricia Haines ("Haines") and Chimney Rock Information Solutions, Inc. ("Chimney Rock"), pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). This case involves an alleged profit sharing agreement that Plaintiffs, Lapkong Leung ("Leung") and L&S Technology LLC ("L&S") entered into with Haines, as a representative of Chimney Rock. After the business relationship between Plaintiffs and Defendants deteriorated, Plaintiffs brought this action alleging claims of breach of contract, breach of fiduciary duty, fraud, and unjust enrichment. For the reasons detailed in this entry, we GRANT Defendants' Motion to Dismiss Count III (Fraud) of the Plaintiff's Third Amended Complaint.

### *Factual Background*

The factual background, as alleged in Plaintiffs' Third Amended Complaint, is as follows: Plaintiffs assert that on March 7, 2003,[1] a business partnership was formed via e-mail between Haines, acting on behalf of Chimney Rock, and Leung, acting on behalf of L&S. Compl. ¶ 25.[2] The parties not only agreed to be co-owners in this newly formed business[3] but also agreed to a profit sharing arrangement whereby Leung was to receive a five percent commission on all employees' billable rates, except those of Haines, while Haines would receive a ten percent commission on all employees' billable rates. Id. Any remaining profits would go into a reserve account which would be distributed at the end of the year according to the ratio of sixty percent to Haines and forty percent to Leung. Id. Leung alleges that he was induced into agreeing to this partnership based on Haines's promise to him that he, "would receive a revenue of $307,283.00." Compl. ¶ 25B.

Leung claims that Haines thereafter factually misrepresented invoice and billing data and failed to provide complete payment details, to the detriment of Plaintiffs. More specifically, in September and October of 2004, Haines allegedly misrepresented billing and invoice details, no longer provided billing and invoice records, and excluded Leung

---

[1] Based on previous references in the Plaintiffs' Third Amended Complaint to March 7, 2003, as the date the partnership and profit sharing agreements were created, the Court assumes that a typographical error was made by Plaintiffs in typing March 7, 2006 as the date of the alleged misrepresentation and creation of a profit sharing agreement. See Compl. ¶ 25B.

[2] "Compl." refers throughout to Plaintiffs' Third Amended Complaint.

[3] The Complaint does not indicate the exact business the parties conducted, only that the business partnership formed between the parties would contract their services to various companies.

from invoicing and billing validation procedures.  Compl. ¶ 28.  Haines continued to pay Leung for the remainder of 2004 and 2005, but did not provide complete payment details, even though Leung requested complete payment details in both March and April of 2005.  Compl. ¶¶ 30-32.

According to the allegations in the Complaint, on July 22, 2005, Leung e-mailed another request for complete payment records to Haines for the years 2004 and 2005, but his request was ignored by Haines.  Finally, on July 26, 2005, during a meeting between Leung and Haines at Eli Lilly & Company in Indianapolis, Haines allegedly stated that she would not provide the requested complete payment records and that in any event she had been properly compensating Plaintiffs.  Compl. ¶ 35.  This statement by Haines was reiterated in a July 29, 2005, e-mail to Leung.  Id.

Leung claims that Haines's omission of billing, invoice and payment records intentionally misled and induced Plaintiffs to continue in the business partnership.  Compl. ¶ 37.  Leung also alleges that Haines failed to pay $150,000 owed to Plaintiffs under the profit sharing agreement.  Compl. ¶ 36.

Leung commenced this action by filing his initial complaint in Marion Superior Court on November 8, 2005.  The case was removed to this court by Haines on December 8, 2005, on the basis of diversity of citizenship: Leung is a citizen of Texas, Haines is a citizen of Colorado and the amount in controversy exceeds $75,000.  On December 15, 2005, Haines filed a prior Motion to Dismiss Count III (Fraud) of the Complaint.

On July 25, 2006, the Court granted Haines's Motion to Dismiss Count III (Fraud) of Leung's Amended Complaint for failure to comply with the pleading requirements of

Federal Rule of Civil Procedure 9(b), but granted permission to Leung to file an amended pleading within fifteen days. On August 9, 2006, Leung filed a Third Amended Complaint, adding L&S as an additional plaintiff and Chimney Rock Information as an additional defendant. Plaintiffs' Complaint as currently drawn consists of four counts: 1) breach of contract, 2) breach of fiduciary duty, 3) actual and constructive fraud, and 4) unjust enrichment.

In this entry, we address the second Motion to Dismiss Count III filed by Defendants on September 9, 2006. Defendants' motion asserts that Plaintiffs have still not alleged with sufficient particularity the details of a fraud claim, as required under Federal Rule of Civil Procedure 9(b), and, in addition, have failed to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### *Legal Analysis*

Count III of Plaintiffs' Complaint alleges claims of actual and constructive fraud against the Defendants. The Complaint charges that on March 7, 2003, Haines misrepresented to Leung that from the business partnership he "would receive revenue of $307,283.00." Compl. ¶ 25B. At the time the parties were negotiating and reached their final agreement via e-mail, Leung was in Texas and Haines was in Colorado. Compl. ¶ 25A. Plaintiffs assert that their decision to go ahead with the business partnership was in reliance upon said misrepresentation by Defendants. Compl. ¶ 27.

In addition to said misrepresentation on March 7, 2003, Plaintiffs also allege that Defendants knowingly failed to provide "complete payment details to Plaintiffs during

2004 and 2005. . .with the intention to mislead Plaintiffs regarding the amount of commissions and profits owed to them and to induce them to continue to participate in the partnership." Compl. ¶ 37.  The Complaint alleges that these misrepresentations by Defendants occurred not only via e-mail but also in person during a July 26, 2005 meeting at Eli Lilly in Indianapolis, Indiana.  Compl. ¶ 35.  Plaintiffs assert that their decision to go forward and continue the partnership with Defendants was made in reliance upon these misrepresentations and omissions.  Compl. ¶¶ 38, 40.

In their Memorandum in Support of Defendants' Motion to Dismiss Count III of Plaintiffs' Third Amended Complaint, Defendants assert three reasons why Count III should be dismissed.  First, the Complaint lacks the specificity required by Federal Rule of Civil Procedure 9(b) as to Defendants' alleged misrepresentation of billing, invoice, and payment details by not including any specific information regarding the content of the documents.  Second, Plaintiffs have failed to state a claim upon which relief can be granted for fraud by not satisfying the "past or existing fact" requirement necessary to prove actual fraud, in that the Complaint alleges that Defendants misrepresented how much revenue Plaintiffs *would* receive.  Third, Plaintiffs fail to allege a reliance upon the misrepresentations and omissions made by the Defendants personally and in the billing, invoice, and payment documents not turned over by Defendants.

Plaintiffs respond that all elements of actual and constructive fraud have been pleaded with sufficient particularity to meet the heightened standards set forth in Rule 9(b).  Second, Plaintiffs argue that they have properly alleged that Defendants misrepresented both past and existing facts to Plaintiffs.  Therefore, Plaintiffs assert that

Count III of the Complaint satisfies the pleading requirements of Rule 9(b) and suffices as basis for granting relief on both the actual and constructive fraud claims.

A party moving to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), bears a weighty burden. It must show that the pleadings themselves fail to provide a basis for any claim for relief under any set of facts. Ed Miniat, Inc. v. Globe Life Ins. Group Inc., 805 F.2d 732, 733 (7th Cir. 1986), cert. denied, 482 U.S. 915 (1987). As a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in a case in which the allegations of the complaint itself clearly demonstrate that a plaintiff does not have a claim. Owner-Operator Indep. Drivers Ass'n v. Mayflower Transit, Inc., 161 F. Supp. 2d 948, 951 (S.D. Ind. 2001) (citing 5A Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure: Civil § 1357). In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the nonmovant. Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

Rule 9(b), of the Federal Rules of Civil Procedure, requires that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." In general, the statement of a claim need only be sufficient to give the opposing party notice of the claim. See Fed. R. Civ. P. 8; Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512-13 (2002). However, Rule 9(b) mandates a heightened pleading requirement for averments of fraud, in "response to the great harm to the reputation of a business firm or other enterprise a fraud claim can do." Lewis Borsellino and I.M.

Acquisitions, LLC v. Goldman Sachs Group, Inc., 477 F.3d 502, 507 (7th Cir. Feb. 20, 2007) (internal quotation marks omitted).

Therefore, a plaintiff "'claiming fraud . . . must do more pre-complaint investigation to assure that the claim is responsible and supported, rather than defamatory and extortionate.' . . . A complaint alleging fraud must provide . . . 'the who, what, when, where, and how.'" Id. (quoting Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999)). These requirements of particularity compel a plaintiff to state "the identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." Jepson, Inc. v. Makita Corp., 34 F.3d 1321, 1327 (7th Cir. 1994) (internal quotation marks omitted).

Our review of the Complaint persuades us that Plaintiffs have failed to comply with the requirements of both Rule 12(b)(6) and Rule 9(b). All but one of Plaintiffs allegations in Count III fall short of the Rule 9(b) particularity requirement, and the only claim with enough particularity to satisfy Rule 9(b) cannot survive either because it does not "set forth facts supporting a cause of action that would entitle [Plaintiffs] to relief" under Rule 12(b)(6). Creative Foods of Indiana, Inc. v. My Favorite Muffin, Too, Inc., 2002 WL 244584, at *2. (S.D. Ind.). Therefore, Defendants' Motion to Dismiss is GRANTED as we explain further below.

Leung charges that Haines omitted billing, invoice and payment details that Haines was obligated to supply as a part of their partnership. When dealing with omissions-of-fact claims, a plaintiff is required to plead "the type of facts omitted, the type of document

in which they should have appeared and the way in which their omission made the documents misleading." Fujisawa Pharmaceutical Co., Ltd. v. Kapoor, 814 F. Supp. 720, 727 (N.D. Ill. 1993).

Though Plaintiffs previously amended their Complaint to include facts asserting the exact date, name, and means of contact between the two parties, they again fail to include specific references to the specific type of information allegedly omitted in the billing, invoice and payment records given to them by Defendants.[4]  Without more specifics, Defendants would be required to undertake a search of all communications, invoices and payment records for the two year business relationship that existed between the parties in an effort to determine what information might have been misrepresented or omitted in each transmittal.

Therefore, because , with the exception of  the event described in Paragraphs 25-25B, Count III fails to satisfy the heightened pleading requirements of Rule 9(b), Defendants' Motion to Dismiss is GRANTED as to Count III except those assertions contained in Paragraphs 25-25B.[5]

Regarding the dismissal sought by Defendants for failure to allege fraud as a claim

---

[4] Compare Dahl v. English, 578 F. Supp. 17, 21 (D.C. Ill.1983). (Holding that Plaintiffs' misrepresentation claims survived Rule 9(b) because "[t]hey are more than mere conclusory allegations of fraudulent misconduct and adequately apprise the defendants of the actual claims against them in a concise manner.").

[5] While Plaintiffs have alleged with sufficient particularity their claims so as to comply with Rule 9(b) with regard to Defendants' alleged misrepresentation regarding anticipated revenue on March 7, 2003 (Compl. ¶ 25B), this misrepresentation does not withstand scrutiny under Rule 12(b)(6), as we explain below, because that alleged misrepresentation is premised on future events.

upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), we conclude that Paragraphs 25-25B[6] of the Plaintiffs' Third Amended Complaint are indeed lacking and thus must be dismissed.

Under Indiana law, the elements of fraud are: "(1) a material misrepresentation of past or existing facts; (2) made with knowledge or reckless ignorance of falsity; (3) causing the claimant to rely upon the misrepresentation to the claimant's detriment." ABN AMRO Mortgage Group, Inc. v. Maximum Mortgage, Inc., 429 F. Supp. 2d 1031, 1041 (N.D. Ind. 2006). (citing America's Directories, Inc. v. Stellhorn One Hour Photo, 833 N.E.2d 1059 (Ind. Ct. App. 2005)).

Of the three elements constituting actual fraud, only the first element concerning material misrepresentation of past or existing facts is at issue here. Defendants argue that the March 7, 2003, statement by Haines, in which she represented to Leung that he "would" receive $307,283.00 in revenue from the profit sharing agreement, is a material misrepresentation regarding *future* facts.[7] The law is well-established and clear that fraud may not be "premised on representations that relate to future, as opposed to past or

---

[6] Paragraphs 25, 25A, and 25B of the Plaintiffs' Third Amended Complaint describe a single misrepresentation and are the only paragraphs to survive a Rule 9(b) motion to dismiss. The misrepresentation being disputed by Defendants states that, "Haines misrepresented to Leung that Leung would receive a revenue of $307,283.00." Compl. ¶ 25B.

[7] Plaintiffs spent several pages describing how Creative Foods of Indiana, Inc. v. My Favorite Muffin, Too, Inc., 2002 WL 244584, (S.D. Ind. Jan. 14, 2002) relates directly to their case, in particular regarding the material misrepresentation of future facts. That case is factually dissimilar to the case at hand because that Complaint alleged that the defendants had failed to disclose an *existing* agreement with another franchisee, which made the plaintiff's future right of first refusal illusory. Accordingly, Creative Foods does not support Plaintiffs' assertion that a material misrepresentation of future facts is allowable in bringing such a fraud claim.

existing facts." Id. at 1041 (internal quotation marks omitted) (quoting Anderson v. Indianapolis Indiana AAMCO Dealers Advertising Pool, 678 N.E.2d 832, 837 (Ind. Ct. App. 1997)).

Paragraph 25B attempts to allege fraud based on a material misrepresentation of future facts, instead of past or existing facts, and thus fails to state a claim upon which relief can be granted. Leung's revenue, according to the alleged profit sharing agreement, would have consisted of a five percent commission on all employees' billable rates, except those of Haines, and forty percent of any remaining profits at the end of the year from the reserve account. The promise of such payments clearly referred to future payments or commissions premised on work to be done at some future time in order to be fully realized. Therefore, Paragraph 25-25B of Plaintiffs' Third Amended Complaint fails to state a claim upon which relief may be granted and warrants discussed.[8]

## *Conclusion*

For the reasons detailed above, we GRANT Defendants' Motion to Dismiss Count III (Fraud) of Plaintiffs' Third Amended Complaint. IT IS SO ORDERED.

Date: _____06/01/2007_____

Copies to:

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[8] This ruling applies to both actual and constructive fraud claims because each requires a material misrepresentation of past or existing facts. See Siegel v. Williams, 818 N.E.2d 510, 515 (Ind. Ct. App. 2004) (outlining the elements of constructive fraud).

Steven T. Fulk
FULK & ASSOCIATES
stfulk@fulk-assoc.com

David E. Wright
KROGER GARDIS & REGAS LLP
dew@kgrlaw.com